O

FILED
CLERK, U.S. DISTRICT COURT

JUN 3 0 2014

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

WAFAA SAMIR RIAD,                )   Case No. EDCV 13-1720 RNB
                                 )
              Plaintiff,         )
                                 )   ORDER REVERSING DECISION OF
       vs.                       )   COMMISSIONER AND REMANDING
                                 )   FOR FURTHER ADMINISTRATIVE
CAROLYN W. COLVIN, Acting        )   PROCEEDINGS
Commissioner of Social Security, )
                                 )
              Defendant.         )
                                 )
                                 )
                                 )

        The Court now rules as follows with respect to the two disputed issues listed in the Joint Stipulation.[1]

_____

        [1]      As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the administrative record ("AR"), and the Joint Stipulation ("Jt Stip") filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

1

**A.**   <u>**Reversal is not warranted based on the ALJ's alleged failure to make a**</u>
<u>**proper step two determination (Disputed Issue One).**</u>

Disputed Issue One is directed to the ALJ's finding, at step two of the Commissioner's sequential evaluation process, that plaintiff's depression and anxiety disorder were "non-severe" impairments. (<u>See</u> Jt Stip at 4-13.)

Step two of the Commissioner's sequential evaluation process requires the ALJ to determine whether an impairment is severe or not severe.   <u>See</u> 20 C.F.R. §§ 404.1520(a), 416.920(a). The Social Security Regulations and Rulings, as well as case law applying them, discuss the step two severity determination in terms of what is "not severe." According to the Commissioner's regulations, an impairment is not severe if it does not significantly limit the claimant's physical or mental ability to do basic work activities. <u>See</u> 20 C.F.R. §§ 404.1520(c), 404.1521(a), 416.920(c), 416.921(a). Basic work activities are "abilities and aptitudes necessary to do most jobs," including "[p]hysical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling." Basic work activities also include mental activities such as understanding, carrying out, and remembering simple instructions; use of judgment; responding appropriately to supervision, co-workers, and usual work situations; and dealing with changes in a routine work setting. <u>See</u> 20 C.F.R. §§ 404.1521(b), 416.921(b); Social Security Ruling ("SSR") 85-28.[2] The Ninth Circuit has described step two as "a de minimis screening device to dispose of groundless claims." <u>See</u> <u>Smolen</u>, 80 F.3d at 1290; <u>see also</u> <u>Webb v. Barnhart</u>, 433 F.3d 683, 687 (9th Cir. 2005).

Here, the ALJ determined that plaintiff's depression and anxiety disorder were "non-severe" impairments after making specific findings and discussing the evidence as to four functional areas: activities of daily living; social functioning; concentration,

---

[2]      Social Security Rulings are binding on ALJs. <u>See</u> <u>Terry v. Sullivan</u>, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990).

1   persistence, and pace; and episodes of decompensation. (See AR 20-21.) The ALJ
2   found that the record supported only a "mild" limitation in concentration, persistence,
3   and pace, and did not support any limitations in the other areas. (See AR 21.) The
4   Court finds that the ALJ's non-severity determination was supported by substantial
5   evidence. See Chaudhry v. Astrue, 688 F.3d 661, 670 (9th Cir. 2012) (ALJ's non-
6   severity determination as to mental impairments was supported by the record
7   evidence where ALJ made specific findings and discussed evidence as to the degree
8   of limitation in each functional area).

9       Plaintiff appears to be contending that the ALJ's step two determination was
10  erroneous in the following three respects. As discussed below, the Court rejects each
11  of plaintiff's contentions directed to the ALJ's step two determination.

13      1.   The ALJ's alleged failure to properly consider Dr. Gaboian's opinion
14      Plaintiff's treating physician, Dr. Gaboian, proffered an opinion in which she
15  noted plaintiff's complaints of anxiety and depression, diagnosed those impairments,
16  and concluded that plaintiff's "multiple health problems" (including several that were
17  unrelated to her mental impairments) rendered her unable to engage "in any work
18  activity on competitive basis in national economy." (See AR 180, 185, 186.)
19  Plaintiff contends that her depression and anxiety disorder were severe impairments
20  based on Dr. Gaboian's opinion, which the ALJ failed to properly consider. (See Jt
21  Stip at 6, 8.)

22      The law is well established in this Circuit that a treating physician's opinions
23  are entitled to special weight because a treating physician is employed to cure and has
24  a greater opportunity to know and observe the patient as an individual. See
25  McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989). "The treating physician's
26  opinion is not, however, necessarily conclusive as to either a physical condition or the
27  ultimate issue of disability." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir.
28  1989). The weight given a treating physician's opinion depends on whether it is

1  supported by sufficient medical data and is consistent with other evidence in the
2  record. See 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). If the treating physician's
3  opinion is uncontroverted by another doctor, it may be rejected only for "clear and
4  convincing" reasons. See Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996); Baxter
5  v. Sullivan, 923 F.3d 1391, 1396 (9th Cir. 1991).  Where, as here, the treating
6  physician's opinion is controverted, it may be rejected only if the ALJ makes findings
7  setting forth specific and legitimate reasons that are based on the substantial evidence
8  of record. See, e.g., Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998) ("A
9  treating physician's opinion on disability, even if controverted, can be rejected only
10 with specific and legitimate reasons supported by substantial evidence in the
11 record."); Magallanes, 881 F.2d at 751; Winans v. Bowen, 853 F.2d 643, 647 (9th
12 Cir. 1987).

13      Here, the ALJ gave "less weight" to Dr. Gaboian's opinion for three reasons.
14 One of the reasons stated by the ALJ was that Dr. Gaboian's opinion about plaintiff's
15 mental condition was "outside Dr. Gaboian's area of expertise." (See AR 22.) The
16 Court finds that this was not a legally sufficient reason on which the ALJ could
17 properly rely to accord less weight to Dr. Gaboian's opinion. Under Ninth Circuit
18 authority, Dr. Gaboian's lack of expertise or specialization in mental health treatment
19 did not render her unqualified to give an opinion about plaintiff's mental functioning.
20 See Lester, 81 F.3d at 833 (treating physician's opinion as to mental functioning
21 could not be properly disregarded because physician was not a mental health
22 specialist); Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987) (treating
23 physician was qualified to give medical opinion as to claimant's mental state even
24 though physician was not a psychiatrist). Nonetheless, as discussed below, the Court
25 finds that the ALJ's error was harmless.

26      Another reason stated by the ALJ was that Dr. Gaboian apparently "relied quite
27 heavily on the subjective report of symptoms and limitations provided by the claimant
28 and seemed to uncritically accept as true most, if not all, of what the claimant

1    reported." (See AR 21-22.)  The ALJ relatedly noted that "there exist good reasons
2    for questioning the reliability of the claimant's subjective complaints." (See AR 22.)
3    The Court finds that this was a legally sufficient reason on which the ALJ could
4    properly rely to accord less weight to Dr. Gaboian's opinion.  The record reflects that
5    Dr. Gaboian noted plaintiff's complaints of anxiety and depression and then
6    diagnosed her with those impairments with little independent analysis or findings.
7    (See AR 180-86.)  Rather, it appears that Dr. Gaboian based her opinion primarily on
8    plaintiff's subjective complaints, which the ALJ properly discounted in an adverse
9    credibility determination that plaintiff does not challenge. See Tommasetti v. Astrue,
10   533 F.3d 1035, 1041 (9th Cir. 2008) (ALJ properly rejected treating medical
11   assessment that largely reflected claimant's reports of pain); Morgan v.
12   Commissioner of Social Sec. Admin., 169 F.3d 595, 603 (9th Cir. 1999) (noting that
13   a physician's opinion of disability "premised to a large extent upon the claimant's
14   own accounts of his symptoms and limitations" may be disregarded where those
15   complaints have been "properly discounted"); Fair v. Bowen, 885 F.2d 597, 605 (9th
16   Cir. 1989) (same).

17        The other reason stated by the ALJ was that Dr. Gaboian's opinion was
18   "without substantial report from any objective clinical or diagnostic findings." (See
19   AR 22.)  The Court finds that this also was a legally sufficient reason on which the
20   ALJ could properly rely to accord less weight to Dr. Gaboian's opinion.  It is well-
21   settled that an ALJ need not accept a medical opinion that is conclusory and
22   inadequately supported by objective clinical findings.  See Thomas v. Barnhart, 278
23   F.3d 947, 957 (9th Cir. 2002) ("The ALJ need not accept the opinion of any
24   physician, including a treating physician, if that opinion is brief, conclusory, and
25   inadequately supported by clinical findings."); Tonapetyan v. Halter, 242 F.3d 1144,
26   1149 (9th Cir. 2001) (holding that treating physician's opinion that was "unsupported
27   by rationale or treatment notes, and offered no objective medical findings" was
28   properly rejected).

1    In sum, although the ALJ proffered one legally insufficient reason for
2  according less weight to Dr. Gaboian's opinion, the error was harmless because the
3  ALJ also proffered two independent, legally sufficient reasons supported by
4  substantial evidence. See Stout v. Commissioner of Social Security, 454 F.3d 1050,
5  1055 (9th Cir. 2006) (an ALJ's error is harmless when the error is inconsequential to
6  the ultimate non-disability determination); Curry v. Sullivan, 925 F.2d 1127, 1131
7  (9th Cir. 1991) (harmless error rules applies to review of administrative decisions
8  regarding disability); see also Howell v. Commissioner Social Sec. Admin., 349 Fed.
9  Appx. 181, 184 (9th Cir. 2009) (now citable for its persuasive value per Ninth Circuit
10 Rule 36-3) (ALJ's erroneous rationale for rejecting treating physician's opinion was
11 harmless because the ALJ otherwise provided legally sufficient reasons to reject
12 opinion) (citing Stout, 454 F.3d at 1054); Donathan v. Astrue, 264 Fed. Appx. 556,
13 559 (9th Cir. 2008) (ALJ's erroneous characterization of treating physicians' opinions
14 was harmless "because the ALJ provided proper, independent reasons for rejecting
15 these opinions").

17    2.    The ALJ's allegedly improper reliance on the absence of treatment
18          records

19    The ALJ determined that plaintiff's depression and anxiety disorder were non-
20 severe impairments after noting that plaintiff had seen a mental health specialist only
21 briefly in 2006 (well before her alleged disability onset date) and had not sought
22 mental health treatment since that time. (See AR 21.) Plaintiff contends that the ALJ
23 erred in relying on this reason, in light of her testimony that she was unable to afford
24 mental health treatment. (See Jt Stip at 5, 8.)
25    As support, plaintiff cites Gamble v. Chater, 68 F.3d 319, 321 (9th Cir. 1995),
26 a case where the Ninth Circuit commented, "Disability may not be denied because of
27 the claimant's failure to obtain treatment for lack of funds." (See Jt Stip at 8.) Here,
28 however, plaintiff's bare assertion that she failed to obtain treatment for lack of funds

1   is uncorroborated by any evidence in the record.  Cf. Regennitter v. Commissioner
2   of Social Sec. Admin., 166 F.3d 1294, 1297 (9th Cir. 1999) (proscribing rejection of
3   a claimant's complaints for lack of treatment "when the record establishes that the
4   claimant could not afford it" and finding the record contained such corroborating
5   evidence).   Moreover, as noted, the ALJ properly made an adverse credibility
6   determination with respect to plaintiff's testimony, a determination that plaintiff does
7   not challenge.

8        In any event, even assuming that plaintiff is correct that the ALJ was not
9   entitled to draw a negative inference from plaintiff's failure to obtain mental health
10  treatment under these circumstances, it does not follow that plaintiff was entitled to
11  the opposite inference that she suffered from a severe mental impairment.  Plaintiff
12  continued to bear the burden of showing that her mental impairments significantly
13  limited her mental ability to do basic work activities.  See Smolen, 80 F.3d at 1290.
14  Such a burden was not satisfied by plaintiff's implication that the medical evidence
15  would have established that she had a severe mental impairment, but that she could
16  not obtain such evidence, for whatever reason.

17

18        3.    The ALJ's failure to order a consultative examination

19        The ALJ determined that plaintiff's depression and anxiety disorder were non-
20  severe impairments without first ordering a consultative examination.  Plaintiff
21  contends that the ALJ erred in failing to order such an examination.  (See Jt Stip at
22  7.)

23        The Court disagrees.  The Commissioner has broad latitude in ordering a
24  consultative examination, and a claimant does not have an affirmative right to have
25  a consultative examination performed by a chosen specialist.  See Reed v. Massanari,
26  270 F.3d 838, 842 (9th Cir. 2001).  Rather, a consultative examination is appropriate
27  when there is an "ambiguity or insufficiency in the evidence that must be resolved."
28  See Reed, 270 F.3d at 842.  Here, there was no ambiguity or insufficiency in the

7

1  evidence that needed to be resolved.

2

3  **B.    The ALJ failed to make a proper step four determination (Disputed Issue**
4         **Two).**

5         Disputed Issue Two is directed to the ALJ's finding, at step four of the
6  Commissioner's sequential evaluation process, that plaintiff could return to her past
7  relevant work as an accounting clerk. (See Jt Stip at 13-22.)

8         At step four of the Commissioner's sequential evaluation process, a claimant
9  has the burden of showing that he can no longer perform his past relevant work. See
10 Pinto v. Massanari, 249 F.3d 840, 844 (9th Cir. 2001); 20 C.F.R. §§ 404.1520 (e),
11 416.920(e). The ALJ still has a duty at step four to make specific findings as to the
12 claimant's residual functional capacity ("RFC"), the physical and mental demands of
13 the past relevant work, and the relation of the residual functional capacity to the past
14 work. See id. at 845. The ALJ may take the testimony of a vocational expert ("VE")
15 to find that a claimant can or cannot continue his past relevant work.  See id.
16 However, the Dictionary of Occupational Titles ("DOT") is the Commissioner's
17 "primary source of reliable job information" and creates a rebuttable presumption as
18 to a job classification. See Johnson v. Shalala, 60 F.3d. 1428, 1434 n.6, 1435 (9th
19 Cir. 1995); see also Tommasetti, 533 F.3d at 1042. An ALJ will ask the VE if his
20 testimony is consistent with the DOT and "obtain a reasonable explanation for any
21 apparent conflict." See Massachi v. Astrue, 486 F.3d 1149, 1153 (9th Cir. 2007)
22 (citing SSR 00-4p). In sum, at step four, "[i]n order for an ALJ to accept vocational
23 expert testimony that contradicts the Dictionary of Occupational Titles, the record
24 must contain 'persuasive evidence to support the deviation.'" See Pinto, 249 F.3d at
25 846 (quoting Johnson, 60 F.3d at 1435); see also Tommasetti, 533 F.3d at 1042
26 (same).

27        Here, the ALJ determined that plaintiff had an RFC for light work with a
28 preclusion from "overhead reaching bilaterally." (See AR 23.)  After taking the

1   testimony of a VE, who affirmed that her testimony was consistent with the DOT, the
2   ALJ determined that plaintiff could perform her past relevant work as an accounting
3   clerk (DOT NO. 216.482-010). (See AR 27.) Plaintiff contends that VE's testimony
4   raised an apparent, unresolved conflict between the "reaching" requirements of the
5   accounting clerk job and her preclusion from "overhead reaching bilaterally." (See
6   Jt Stip at 14.)

7       The Court agrees.   The DOT describes the accounting clerk job as an
8   occupation that requires frequent reaching.   Reaching is defined as "extending
9   hand(s) and arm(s) in any direction." See Social Security Ruling 85-15, at *7; see
10  also Jt Stip Attach. 2 (Revised Handbook for Analyzing Jobs at 12-6). Moreover, the
11  weight of authority in the Ninth Circuit supports the proposition that "reaching" as
12  used here in the DOT encompasses overhead or above-the-shoulder reaching. See,
13  e.g., Nguyen v. Colvin, 2014 WL 2207058, at *2-*3 (C.D. Cal. May 28, 2014); Giles
14  v. Colvin, 2013 WL 4832723, at *4 (C.D. Cal. Sept. 10, 2013); Richardson v. Astrue,
15  2012 WL 1425130, at *4 (C.D. Cal. Apr. 25, 2012); Duff v. Astrue, 2012 WL
16  3711079, at *4 (C.D. Cal. Aug. 28, 2012); Bermudez v. Astrue, 2011 WL 997290, at
17  *3 (C.D. Cal. Mar. 21, 2011); Hernandez v. Astrue, 2011 WL 223595, at *3 (C.D.
18  Cal. Jan. 21, 2011); Mkhitaryan v. Astrue, 2010 WL 1752162, at *3 (C.D. Cal. Apr.
19  27, 2010). In addition, the Seventh Circuit has found an "unresolved potential
20  inconsistency" between "reaching" as used in the DOT and a claimant's limitation
21  from reaching above shoulder level. See Prochaska v. Barnhart, 454 F.3d 731, 736
22  (7th Cir. 2006). The Court finds these authorities persuasive. The VE's testimony
23  raised an apparent conflict with the DOT, and no evidence, much less persuasive
24  evidence, was proffered to support the deviation.

25      The Commissioner argues that the conflict was not "obvious enough" to
26  constitute an "apparent conflict" that the ALJ had a duty to resolve. (See Jt Stip at
27  18.) The Court disagrees. The DOT clearly states that frequent *reaching* is a
28  requirement of plaintiff's past relevant work as an accounting clerk, and plaintiff

1  clearly had a preclusion from overhead *reaching* bilaterally.  The clear overlap of this
2  reaching requirement should have made the conflict apparent.  See Overman v.
3  Astrue, 546 F.3d 456, 462-63 (7th Cir. 2008) (per curiam) (finding apparent conflict
4  where VE's testimony that claimant could work as a hand packager, which requires
5  frequent exposure to extreme heat, clearly conflicted with ALJ's finding that he must
6  avoid exposure to heat or cold); Richardson, 2012 WL 1425130, at *5 (rejecting
7  argument that conflict was only "arguable" and finding a conflict that was "both
8  actual and apparent" between DOT's "reaching" requirement and claimant's
9  preclusion from "overhead reaching").

10         The Commissioner further points out that "an ALJ may rely on VE testimony
11  that contradicts the DOT, when evidence of record supports the deviation." (See Jt
12  Stip at 18.) Although that is true, the Commissioner has not cited any such evidence.
13  In fact, the ALJ found that the VE's testimony was consistent with the DOT. (See
14  AR 27, 54.)

15         The Commissioner further argues that plaintiff was represented by counsel at
16  the administrative hearing and therefore should have raised the apparent conflict
17  during that proceeding. (See Jt Stip at 19.) However, claimants "need not preserve
18  issues in proceedings before the Commissioner or her delegates." See Hackett v.
19  Barnhart, 395 F.3d 1168, 1176 (10th Cir. 2005) (reversing ALJ's decision on basis
20  of apparent DOT conflict even though claimant did not raise the issue until the
21  district court proceeding that commenced two years after the ALJ hearing) (citing
22  Sims v. Apfel, 530 U.S. 103, 120 S. Ct. 2080, 147 L. Ed. 2d 80 (2000)); see also
23  Overman, 546 F.3d at 463 ("[B]ecause SSR 00-4p imposes an affirmative duty on the
24  ALJ to inquire into and resolve apparent conflicts, a claimant's failure to raise a
25  possible violation of SSR 00-4p at the administrative level does not forfeit the right
26  to argue later that a violation occurred.").
27  //
28  //

10

1    Accordingly, for the reasons discussed above, the Court finds that reversal is
2  warranted based on the ALJ's failure to make a proper step four determination. [3]

3

4                          **CONCLUSION AND ORDER**

5        The law is well established that the decision whether to remand for further
6  proceedings or simply to award benefits is within the discretion of the Court. See,
7  e.g., Salvador v. Sullivan, 917 F.2d 13, 15 (9th Cir. 1990); McAllister, 888 F.2d at
8  603; Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981). Remand is warranted
9  where additional administrative proceedings could remedy defects in the decision.
10 See, e.g., Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984); Lewin, 654 F.2d at
11 635. Remand for the payment of benefits is appropriate where no useful purpose

12

13 _____
14    [3]   The DOT is the Commissioner's best source for how work is generally
   performed in the national economy, a source upon which the ALJ may rely in order
15 to determine that a claimant can return to her past relevant work as it is *generally*
16 performed. See Pinto, 249 F.3d at 845-46. Alternatively, an ALJ may rely on sources
   such as a vocational report or plaintiff's own statements about the demands of her
17 past job in order to determine that a claimant can return to her past relevant work as
18 she *actually* performed it. See id. at 845. Here, in addition to finding that plaintiff
   could return to her past relevant work as it is generally performed, the ALJ stated in
19 passing that plaintiff could also perform her past relevant work as she actually
20 performed it. (See AR 27.) However, the ALJ failed to proffer any explanation or
   factual findings to support this statement. See Pinto, 249 F.3d at 844 ("Although the
21 burden of proof lies with the claimant at step four, the ALJ still has a duty to make
22 the requisite factual findings to support his conclusion."). Moreover, the record is
23 devoid of any evidence suggesting that the requirements of plaintiff's past relevant
24 work as she actually performed it was consistent with the VE's testimony; in
   particular, there is no vocational report or testimony by plaintiff stating that she did
25 not need to perform overhead reaching bilaterally in her accounting clerk job. (See,
26 e.g., AR 37-41, 129-30.) Accordingly, the Court cannot find that the ALJ's error in
27 failing to identify and resolve the apparent conflict discussed above was rendered
   harmless because substantial evidence supported an alternative finding that plaintiff
28 could return to her past relevant work as she actually performed it.

1   would be served by further administrative proceedings, <u>Kornock v. Harris</u>, 648 F.2d
2   525, 527 (9th Cir. 1980); where the record has been fully developed, <u>Hoffman v.</u>
3   <u>Heckler</u>, 785 F.2d 1423, 1425 (9th Cir. 1986); or where remand would unnecessarily
4   delay the receipt of benefits, <u>Bilby v. Schweiker</u>, 762 F.2d 716, 719 (9th Cir. 1985).

5        The Court has concluded that this is not an instance where no useful purpose
6   would be served by further administrative proceedings; rather, additional
7   administrative proceedings still could remedy the defects in the ALJ's decision.

8        Accordingly, IT IS HEREBY ORDERED that, pursuant to sentence four of 42
9   U.S.C. § 405(g), Judgment be entered reversing the decision of the Commissioner of
10  Social Security and remanding this matter for further administrative proceedings.[4]

11

12  DATED:  <u>June 30, 2014</u>

13

14

15  ROBERT N. BLOCK
    UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27
    ─────────────────
28  [4]   It is not the Court's intent to limit the scope of the remand.

12